992 So.2d 302 (2008)
CORAL GABLES DISTRIBUTION, INC., a Florida corporation and Christopher Jester, Appellants/Cross-Appellees,
v.
Lee MILICH and Lee Milich, P.A., Appellees/Cross-Appellants.
No. 3D07-2387.
District Court of Appeal of Florida, Third District.
September 24, 2008.
Scott Alan Orth, for appellants/cross-appellees.
Shendell & Pollock, Gary R. Shendell, and Nicole Maglio, Boca Raton, for appellees/cross-appellants.
Before WELLS, SUAREZ and CORTIÑAS, JJ.
*303 WELLS, Judge.
We affirm the order dismissing the instant action with prejudice against Lee Milich and Lee Milich, P.A., because we agree that the seventh iteration of the instant complaint again fails to allege the essential elements of a cause of action for legal malpractice (whether denominated negligent misrepresentation or otherwise) or fraud. See Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002) ("The essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation."); Gresham v. Strickland, 784 So.2d 578, 580 (Fla. 4th DCA 2001) ("For a party to recover for legal malpractice, three elements must be proven: (1) the attorney was employed by or in privity with the plaintiff(s); (2) the attorney neglected a reasonable duty to the client(s); and (3) the negligence proximately caused any loss to the plaintiff(s)."); Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993) ("To prove negligent misrepresentation, it must be shown that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation."). Nor does it appear that such claims can ever be alleged on this record. See Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992) ("It is settled that as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice. . . . There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims.") (citations omitted).
We also find no error in the trial court's order denying Appellants' recusal motion. Similarly, we find no error in the trial court's order denying cross-appellants', Lee Milich and Lee Milich, P.A.'s, motion for attorneys' fees.
Accordingly, the orders on appeal and cross-appeal are in all respects affirmed.