Roger A. LINVILLE II, Plaintiff,

v.

GINN REAL ESTATE COMPANY, LLC, et al., Defendants.

Case No. 6:08–cv–1327–orl–35DA.

United States District Court, M.D. Florida, Orlando Division.

March 10, 2010.

Damon P. Chase and R. David McLaughlin, Chase Freeman, for Plaintiff.

William P. Heller, Marc Gottlieb and Justin Hekkanen, Akerman Senterfitt, for Defendants.

## *ORDER*

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Defendant SunTrust Mortgage Inc.'s Motion to Dismiss the Amended Complaint (Dkt. 70) and Plaintiff's Response in Opposition. (Dkt. 79) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Dkt. 70), as described herein.

## I. BACKGROUND

On April 29, 2005, Plaintiff Roger A. Linville II ("Chip Linville") entered into a purchase agreement[1] to purchase a lot owned by Defendant Kavitha Pasem ("Pasem") in the Reunion Development in Osceola County for $353,000.00. (Dkt. 61 at 64, 74) The Reunion Development utilized the real estate services of Defendant GREC Company, LLC ("GREC") to list, offer, advertise, develop and lease properties and to organize social and golf club events and memberships. (Dkt. 61 at 2) Defendant SunTrust Mortgage Inc. ("Defendant SunTrust") was a preferred lender of Defendant GINN Real Estate Company, LLC. (Dkt. 61 at ¶ 257) On September 8, 2005, Defendant GINN, the parent company of GREC and several other subsidiaries, sent Plaintiff a letter with an attached Membership Agreement for the Reunion Resort & Club, indicating that subsequent purchasers of the lot he owned would only be entitled to have the same

---

1. The Purchase Agreement to purchase lot 169 was originally entered into between Defendant Pasem and RAL Properties, LLC, an LLC managed by Plaintiff and his wife. On April 29, 2005, RAL Properties, LLC and Defendant Pasem executed a Release and Cancellation of Contract, the same day that Plaintiff entered into a new contract with Defendant Pasem. (Dkt. 61 at 71–72)

type of membership as the prior owner. (Dkt. 61 at 80)

On September 27, 2005, Plaintiff entered into an Exclusive Right to Sell Listing Agreement with Defendant GREC for his lot in the Reunion Resort & Club for $475,000.00. (*Id.* at 81) Plaintiff alleges that he was "forced" to purchase a golf membership in the Reunion Resort & Club since he wanted to sell the lot. (Dkt. 61 at ¶ 297) Further, Plaintiff alleges that over the course of several months Brain Merrill, a real estate sales associate employed by or affiliated with Defendant GREC and Defendant GINN, made several misrepresentations regarding (1) the value of Plaintiff's property prior to closing; (2) comparable property sales; (3) infrastructure completion; and (4) his efforts to sell and/or market Plaintiff's lot. (*Id.* at 81–82) On February 2, 2008, the Reunion Lot was listed with a third-party broker and the price was reduced to $129,000.00. (Dkt. 61 at ¶ 85)

In his Amended Complaint, Plaintiff seeks (1) rescission of the land sale contract due to fraud, mutual mistake, or illegality (Count I); (2) damages as a result of Defendant Pasem's breach of express and implied warranties under Florida common law (Count II);[2] (3) damages for Defendant Pasem's fraudulent inducement (Count III); (4) damages as a result of Defendant SunTrust's constructive fraud (Count IV); (5) rescission of the mortgage and a money judgment as a result of Defendant SunTrust's violation of Florida Statute § 494.0025 (Count V); (6) rescission of the mortgage and a money judgment as a result of Defendant SunTrust's fraudulent inducement (Count VI); (7) rescission of the mortgage and a money judgment as a result of Defendant SunTrust's negligent misrepresentation (Count VII); (8) damages as a result of Defendant SunTrust and Defendant GREC's civil conspiracy (Count VIII); (9) damages as a result of GREC's professional negligence under Florida Statute § 475.01(1)(a) (Count IX); (10) damages as a result of Defendant GREC's breach of fiduciary or statutory duty under Florida Statute §§ 475.01(1) and 475.278 (Count X); (11) damages as a result of Defendant GREC's constructive Fraud under for violation of Florida Statute §§ 475.01(1) and 475.278 (Count XI); (12) damages as a result of Defendant GREC's breach of contract (Count XI I); (13) damages as a result of Defendant GREC's unjust enrichment (Count XIII); (14) damages as a result of Defendant GREC's Negligent provision and communication of others (Count XIV); (15) damages as a result of Defendant GREC's violation of the Securities and Exchange Commission rules registration, reporting, and disclosure requirement (Count XV); (16) judgment against Defendant GREC and recovery of Plaintiff's losses as a result of Defendant GREC's false representation under the Securities Exchange Act of 1934 (Count XVI); (17) judgment against Defendant GREC and recovery of Plaintiff's losses as a result of Defendant GREC's violation of § 10(b) of the Securities and Exchange Act by creating a multi-tiered Ponzi scheme (Count XVII); (18) judgment against Defendant GREC and recovery of Plaintiff's damages as a result of GREC's wrongful acts in violation of both the Florida and federal RICO statutes (Count XVIII); (19) damages as a result of Defendant GREC's fraudulent Misrepresentation (Count XIX); and (2) damages as a result of Defendant GREC's negligent misrepresentation (Count XX). (Dkt. 61 at 81–125)

---

**2.** All claims against Defendant Pasem have subsequently been dismissed with prejudice.

(Dkt. 80)

Plaintiff's Amended Complaint is replete with references to other properties and other plaintiffs; however, to the Court's knowledge, the instant action involves only a single Plaintiff and concerns one parcel of real property, lot 169 in the Reunion West Villages. Therefore, to the extent referenced in Plaintiff's claims against Defendant SunTrust, references to other properties and plaintiffs will be ignored.

## LEGAL STANDARD AND ANALYSIS

The threshold for surviving a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a low one. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al.,* 711 F.2d 989, 995 (11th Cir.1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968–69, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Sys., Inc.,* 497 F.Supp.2d 1361, 1364 (S.D.Fla.2007) (quoting *Twombly,* 127 S.Ct. at 1964–65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. *Quality Foods,* 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. *Id.* Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v.*

*Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Additionally, a pleading that contains allegations of fraud is subject to a heightened pleading. *See* FED.R.CIV.P. 9(b). Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED.R.CIV.P. 9(b). Rule 9(b) applies to claims for negligent misrepresentation under Florida law because negligent misrepresentation "sounds in fraud." *Johnson v. Amerus Life Ins. Co.,* No. 05–61363, 2006 WL 3826774, at *4 (S.D.Fla. Dec. 27, 2006). Rule 9(b) may be satisfied if the complaint sets forth:

> (1) [P]recisely what statements were made in what documents or oral representations or what omissions were made, and
>
> (2) [T]he time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and
>
> (3) [T]he content of such statements and the manner in which they misled the plaintiff, and
>
> (4) [W]hat the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997).

### A. Fraud-based Claims Against Defendant SunTrust

Plaintiff asserts claims against Defendant SunTrust for constructive fraud (Count IV), fraudulent inducement (Count VI), negligent misrepresentation (Count VII), and for violating FLA. STAT. § 494.0025(4)(a), based on SunTrust Mort-

gage's alleged participation in Defendant Ginn's fraud scheme. (*See* Dkt. 61) Defendant SunTrust moves to dismiss all of Plaintiff's fraud-based claims on the basis that Plaintiff failed to plead these claims with specificity. The Court will address each claim in turn.

### Negligent Misrepresentation—Count VII

 Under Florida law a claim for negligent misrepresentation requires that: (1) [T]here was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Coral Gables Distrib., Inc. v. Milich*, 992 So.2d 302, 303 (Fla. 3d DCA 2008). Liability for negligent misrepresentation is limited in the context of commercial transactions such that the supplier of information is only liable if he manifests an intent to deceive. *See Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So.2d 334, 339 (Fla. 1997).

Here, Plaintiff's Amended Complaint alleges that Defendant SunTrust "made misrepresentations of material facts to Plaintiff, which the lenders believed were true but were in fact false." (Dkt. 61 at ¶ 383) Plaintiff goes on to allege that Defendant SunTrust was negligent because it knew or should have known that the prices of Plaintiff's properties were "ridiculously and artificially inflated" and that Plaintiff relied to his detriment on the representations that Plaintiff's properties were in fact worth more. (Dkt. 61 at 97–98) Plaintiff does not allege which agents or employees of Defendant SunTrust made the representations nor does Plaintiff allege specifically how the persons making the representations intended to induce Plaintiff to act. In its Motion to Dismiss, Defendant SunTrust contends that in addition to Plaintiff's failure to plead his fraud claims with particularity, Plaintiff could not have reasonably relied on any alleged oral misrepresentations it made because its involvement was limited to financing the purchase money mortgage after Plaintiff had agreed to all material terms, including price, with Defendant Pasem. (Dkt. 70 at 6–14)

 As an initial matter, the Court notes that in an arms-length commercial transaction, there is no duty on either party to act for the benefit or protection of the other party. *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518 (Fla. 3d DCA 1994), *review denied*, 654 So.2d 918 (Fla. 1995). Under Florida law, this rule extends to a lender and borrower such that a lender does not ordinarily owe fiduciary duties to its borrower. *Id.* at 518–19. Here, viewing the allegations in Plaintiff's Amended Complaint in the light most favorable light to Plaintiff, Defendant SunTrust (1) was a preferred lender utilized by Defendants GINN and/or GREC; (2) it knew Plaintiff was interested in an immediate resale of the subject property; (3) it knew about improprieties on the loan and closing documents; and (4) it knew that the appraisals were inaccurate and/or artificially inflated. (Dkt. 61 at 34–36)

 Because a lender owes no duty to others to supervise the development projects it has financed and because Plaintiff expressly disclaimed any reliance on any warranty or representation regarding the property's value by Defendant SunTrust in the loan application, the Court finds that Defendant SunTrust owed no duty of disclosure or otherwise to Plaintiff regarding the inflated appraisal. Further, the Court finds that Plaintiff's purported reliance on Defendant SunTrust's alleged oral misrep-

resentations, which contradict the express terms of the loan documents, is unreasonable as a matter of law. *See Garcia v. Santa Maria Resort, Inc.,* 528 F.Supp.2d 1283, 1295 (dismissing Plaintiff's Florida Deceptive and Unfair Trade Practices Act claims reasoning that "Plaintiff's reliance upon oral statements which were at variance with the written documents were not reasonable as a matter of law.") Accordingly, Plaintiff's claims against Defendant SunTrust for negligent misrepresentation surrounding inflated appraisals are **DISMISSED with prejudice.**[3]

### *Fraudulent inducement—Count VI*

■■■■ The elements of a claim for fraud in the inducement are identical to the elements of a claim for negligent misrepresentation, differing only by the underlying facts supporting each claim. *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.,* 60 F.3d 734, 742 (11th Cir. 1995) (fraud in the inducement requires proof of "(1) [a] misrepresentation of a material fact; (2) [t]he representor of the misrepresentation, knew or should have known of the statement's falsity; (3). [i]ntent by the representor that the representation will induce another to rely and act on it; and (4) [r]esulting injury to the party acting in justifiable reliance on the representation."). Florida law provides for an election of remedies in fraudulent inducement cases: "rescission, whereby the party repudiates the transaction, *or* damages, whereby the party ratifies the contract." *Mazzoni Farms, Inc. v. E.I. DuPont,* 761 So.2d 306, 313 (Fla.2000) (emphasis added).

■■■■ Plaintiff alleges that Defendant SunTrust's loan officers (1) assured Plaintiff that the subject property was worth more than the price Plaintiff was going to pay; (2) that SunTrust would not give loans on properties if they were not worth the sales prices; and (3) that the recommended vehicle for financing the purchases were short-term interest only balloon notes because the properties would sell quickly for substantial profits. (Dkt. 61 at 95–96) These allegations, together with the general allegations incorporated by reference in Plaintiff's Complaint, fail to meet the heightened pleading requirements for claims based on fraud pursuant to Rule 9(b). Specifically, Plaintiff's Amended Complaint fails to specify which loan officer(s) assured Plaintiff of a high resale value, when the oral representations were made, where the oral statements were made, or any facts from which the Court can infer an intent by Defendant SunTrust to induce reliance. *See Garcia,* 528 F.Supp.2d at 1285.

■■■■ Further, the Amended Complaint makes passing reference to "more specific egregious misrepresentations [made] to some of the investors ... [regarding] neighboring ... properties[,]" without detailing any particular facts regarding the same. (Dkt. 61 at 96) Again, the Court notes that no other properties and no other plaintiffs are involved in the instant litigation, so beyond failing to detail these more egregious misrepresentations, to the extent they involve other non-party individuals and other properties, the Court finds them wholly irrelevant. Further, the Court again notes Plaintiff's purported reliance on Defendant SunTrust's alleged oral misrepresentations, which contradict the express terms of the loan documents, is unreasonable as a matter of law. *See id.* "A party who signs an instrument is presumed to know its contents.... He cannot avoid his obligations thereunder by

---

**3.** Here, Plaintiff's fraud claims lack the requisite particularity under Rule 9(b) because, *inter alia,* they do not contain the identity of the speaker or any reference to time or place. However, these claims are dismissed with prejudice for the reasons stated, *supra.*

alleging that he did not read the contract, or that the terms were not explained to him, or that he did not understand the provisions." *Benoay v. E.F. Hutton & Co.*, 699 F.Supp. 1523, 1529 (S.D.Fla.1988).

Accordingly, Plaintiff's claim against Defendant SunTrust for fraudulent inducement is **DISMISSED with prejudice.**

### Constructive Fraud—Count IV

 Defendant SunTrust argues that Plaintiff's constructive fraud claim fails because Plaintiff fails to allege that a fiduciary relationship existed between Plaintiff and SunTrust and because Plaintiff fails to plead his constructive fraud claim with sufficient particularity. (Dkt. 70 at 6, 17–18) Constructive fraud, unlike actual fraud, does not require a showing of intent or of a misrepresentation or concealment and thus a claim for constructive fraud need only meet the liberal pleading requirements of Rule 8. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958–59 (11th Cir.2009); *see also* FED.R.CIV.P. 8. Specifically,

> Constructive fraud exists where a duty arising from a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken.... Florida courts have construed the term "fiduciary or confidential relation" as being very broad.

*Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, No. 08:01–cv–1176–T–27–MAP, 2002 WL 598427, at *8 (M.D.Fla. Mar. 20, 2002) (internal citations and quotation marks omitted). Business relationships are not ordinarily confidential relationships. *Wilchombe*, 555 F.3d at 959. Similarly, the relationship between a mortgage lender and a borrower is not a fiduciary one, but as discussed, *supra*, reflects an arms-length business transaction. *See McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1226 n. 13 (11th Cir.2002). While in certain special circumstances a fiduciary relationship between a lender and a borrower may develop, Plaintiff's Amended Complaint fails to include any allegations establishing a relationship of trust and confidence between Plaintiff and Defendant SunTrust beyond that of a traditional lender and borrower. (*See generally* Dkt. 61) Plaintiff's Response in Opposition is equally unavailing, citing to a factually distinguishable federal district court opinion involving university students, in which the Court held that under the unique facts of that case, Plaintiffs sufficiently pled the existence of a fiduciary relationship. *See Acciard v. Whitney*, No. 2:07–cv476–UADNF (Dkt. 350 at 10–11). Even under the liberal pleading requirement of Rule 8, the Court finds that Plaintiff failed to plead any facts to establish the existence of a fiduciary or other confidential relationship between Plaintiff and Defendant SunTrust. Accordingly, Plaintiff's claim against Defendant SunTrust for constructive fraud is **DISMISSED without prejudice.**

### Violating Florida Statute § 494.0025(4)(a)—Count V

 In Count V, Plaintiff asserts a claim for a violation of Florida's mortgage lending laws, specifically, Florida Statute § 494.0025(4). (Dkt. 61 at 94–95) Section 494.0025(4)(a) makes it unlawful for any person in any mortgage transaction, directly or indirectly, to knowingly or willingly employ any device, scheme, or artifice to defraud. FLA. STAT. § 494.0025(4). There is no requirement for actual fraud to have been committed and thus, there is no heightened pleading requirement for a claim under FLA. STAT. § 494.0025(4). As detailed in a prior Order of this Court, Plaintiff's Amended Complaint sufficiently details plausible facts showing Plaintiff's entitlement to relief. (*See* Dkt. 52 at 4) Accordingly, Defendant SunTrust's Motion to Dismiss Plaintiff's claim under FLA. STAT. § 494.0025(4) is **DENIED.**

### B. Conspiracy Claims Against Defendant SunTrust—Count VIII

Finally, Defendant SunTrust moves to dismiss Plaintiff's conspiracy claims for inadequate pleading, arguing that Defendant SunTrust cannot be held liable as a matter of law for civil conspiracy for conspiring with Defendant GREC to violate federal securities laws and the Interstate Land Sales Full Disclosure Act ("ILSFDA"). (Dkt. 70 at 19–21)

In *Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), the United States Supreme Court, in analyzing whether Congress intended to impose secondary violations under § 10(b) for aiding and abetting, determined that statutory silence was insufficient to impose secondary liability. *Id.* at 184–85, 114 S.Ct. 1439. After the Supreme Court's decision in *Central Bank,* Congress specifically amended the securities laws to authorize aiding and abetting liability in actions brought by the SEC but not by private parties. *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta,* 552 U.S. 148, 162–63, 128 S.Ct. 761, 169 L.Ed.2d 627 (2008). In *Stoneridge,* the Supreme Court addressed whether a corporation's vendors and customers could be held liable for securities fraud under § 10(b) in an action by investors. *Id.* at 160–61, 128 S.Ct. 761. The Supreme Court concluded that Congress specifically intended to preclude secondary liability in actions brought by private individuals, including investors, elucidating:

> [W]e give weight to Congress' amendment to the Act restoring aiding and abetting liability in certain cases but not others. The amendment, in our view, supports the conclusion that there is no liability.

*Id.* at 163, 128 S.Ct. 761. Defendant SunTrust argues that the *Central Bank* holding applies to bar conspiracy claims based on federal securities laws violations and ILSFDA violations. (Dkt. 70 at 20) The Court agrees.

Section 10(b) provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange ... [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j. Several courts have concluded that *Central Bank* bars a cause of action for conspiracy to violate § 10(b) and Rule 10b–5. *See, e.g., Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin,* 135 F.3d 837, 844 (2d Cir.1998); *Nuwave, Ltd. v. Argyll Equities, LLC,* No. 8:07–cv–1257–T–24–EAJ, 2007 WL 3130443, at *3 (M.D.Fla. Oct. 24, 2007). Therefore, the Court **DISMISSES with prejudice** any conspiracy claim in Plaintiff's Amended Complaint to the extent that it is based on securities fraud under the Securities Act of 1933 or the Securities Exchange Act of 1934 or a Section 10(b) violation.

■■■ The ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites. *Winter v. Hollingsworth Props.,* 777 F.2d 1444, 1446–47 (11th Cir.1985). The ILSFDA prohibits developers from making use of interstate commerce to sell or lease property unless purchasers are furnished with a statutorily defined property report. 15 U.S.C. § 1703(a)(1)(B). A developer is "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or

advertises for sale or lease any lots in a subdivision...." 15 U.S.C. § 1701(5). However, the requirements of the ILSF-DA do not apply to sales of "improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to [build] within a period of *two* years." 15 U.S.C. § 1702(2) (emphasis added). As a federal statute with nationwide interpretation, ILSFDA's interpretation is governed by federal law. *See, e.g., Dzikowski v. N. Trust Bank of Fla., N.A.,* 478 F.3d 1291, 1298 (11th Cir.2007); *see also Reed v. Heil Co.,* 206 F.3d 1055, 1059 (11th Cir.2000). While the Court looks to Florida law as to the effect of an agreement, state law does not control the interpretation of the ILSF-DA. *Markowitz v. Ne. Land Co.,* 906 F.2d 100, 105 (3d Cir.1990).

In his Amended Complaint, Plaintiff's only allegations regarding ILSA violations as to the property at issue in the instant litigation are as follows:

> ▇ The GINN Company and its affiliates ... and the Preferred Lenders are "developers" as defined under ILSA; [2] Plaintiffs[sic] herein have never received in advance from GINN [or] any other defendant ... a property report meeting the requirements of Section 107 of ILSA; and [3] to circumvent ILSA, The Ginn Company sold properties between or among its various affiliates....

(*See* Dkt. 61 at ¶¶ 166, 170–71) Based on the facts alleged by Plaintiff, the Court cannot determine what contract or contracts are even at issue and thus cannot determine whether the contract is exempt from the ILSFDA reporting requirements. Plaintiff's conspiracy claim as to the alleged ILSFDA violations appears to be a shotgun pleading that fails to provide the "grounds" for his entitlement to relief and fails to provide even a formulaic recitation of the elements of an ILSFDA violation.

*See Twombly,* 127 S.Ct. at 1964–65. Therefore, the Court **DISMISSES without prejudice** any conspiracy claim in Plaintiff's Amended Complaint to the extent that it is based on an ILSFDA violation.

Plaintiff's remaining claims for conspiracy, including, *inter alia,* conspiracy to "make fraudulent misrepresentations; fraudulently conceal material facts and information; engage in false advertising; engage in unfair, deceptive, and anticompetitive trade practices; violate the standards and laws applicable to professional realtors and appraisers; create an artificial condition of scarce supply and fierce demand and artificially inflate real property values in the Resorts; [and] use unfair and deceptive means to induce Plaintiff and other investors to buy Resort properties at grossly inflated prices" are sufficient to withstand Defendant SunTrust's Motion to Dismiss. Plaintiff's Amended Complaint contains sufficient factual allegations regarding each of the above-listed conspiracy claims by including allegations regarding an agreement to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to Plaintiff. Accordingly, Defendant SunTrust's Motion to Dismiss Plaintiff's remaining conspiracy claims is **DENIED.**

## II. CONCLUSION

Therefore, in light of the foregoing, it is **ORDERED** as follows:

A. Defendant's Motion to Dismiss Counts VI and VII, negligent misrepresentation and fraudulent inducement, respectively (Dkt. 70) of Plaintiffs' Amended Complaint is **GRANTED with prejudice;**

B. Defendant's Motion to Dismiss Count IV, constructive fraud (Dkt. 70), of Plaintiffs' Amended Com-

plaint is **GRANTED without prejudice;**

C. Defendant's Motion to Dismiss Count VIII, Plaintiff's conspiracy claims (*Id.*), is **GRANTED in part** and **DENIED in part** as detailed herein. Should Plaintiff wish to pursue a conspiracy claim based upon violations of the ILSFDA, **Plaintiff shall file a second amended complaint within fourteen (14) days of this Order;**

D. Defendant's Motion to Dismiss Count V of Plaintiff's Amended Complaint, violation of Fla. Stat. § 494.0025(4) (Dkt. 70), is **DENIED.** Defendant shall file its Answer to the Amended Complaint in accordance with the Federal Rules of Civil Procedure; and

E. If Plaintiff believes there is a fair basis under Rule 11, FED. R. CIV. P, to pursue a claim against Defendant GREC in light of the Court's rulings herein, Plaintiff is **ORDERED** to show good cause why the Court should not dismiss Plaintiff's claims against Defendant GREC for constructive fraud, fraudulent misrepresentation, negligent misrepresentation, and civil conspiracy for the reasons stated herein. **Plaintiff is ORDERED to file his response in writing within 14 days of this Order.**