[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

_____

No. 11-12681

_____

D. C. Docket No. 8:10-cv-00266-RAL-TBM

NAVIGATORS INSURANCE COMPANY,

Plaintiff – Appellant,

versus

MARKEL AMERICAN INSURANCE COMPANY,
ELTON PORTER MARINE INSURANCE AGENCY,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2012)

Before WILSON, ANDERSON, and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM:

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

We have had the benefit of oral argument and have considered the briefs and relevant portions of the record. We conclude that the judgment of the district court should be affirmed.

With respect to Plaintiff's negligent misrepresentation claim against Elton Porter, we agree with the district court that Plaintiff cannot demonstrate reasonable reliance. With respect to the negligent misrepresentation claim brought on behalf of Powerboat Magazine, the claim fails because (1) Powerboat Magazine was not a party to any communications upon which it might have relied; and (2) once Powerboat Magazine received the certificate of insurance, which clearly indicated that Powerboat Magazine and Bob Teague had not been made additional insureds, Powerboat Magazine could not have reasonably relied upon the alleged representations of Collier in his discussions with Mornes or Pyburn. With respect to the negligent misrepresentation claim brought on behalf of Teague, the claim fails because Teague was not a party to—or was even aware of (until after the accident)—any communications made by Defendants upon which he could have reasonably relied.[1] Accordingly, Plaintiff failed to demonstrate the element of justifiable reliance required for a claim of negligent misrepresentation

---

[1] In response to a deposition question about whether he anticipated that Elton Porter would have been providing insurance for him in connection with driving the Skater, Teague responded: "I'm not even sure why I would be even thinking about Elton Porter."

2

under Florida law. See Coral Gables Distrib., Inc. v. Milich, 992 So. 2d 302, 303 (Fla. Dist. Ct. App. 2008).

With respect to Plaintiff's other claim against Elton Porter, a claim of negligent failure to procure insurance, we also agree with the district court's grant of summary judgment. We agree with the district court that Plaintiff failed to demonstrate that Elton Porter had a duty to procure insurance for Plaintiff's insureds. Assuming arguendo that Plaintiff's insureds were intended to be third-party beneficiaries of Elton Porter's undertaking on behalf of others to provide insurance—although there is some doubt that Plaintiff properly preserved this argument—Plaintiff failed to demonstrate the reliance necessary to establish a duty on the part of the agent. See Klonis for Use & Benefit of Con. Am. Ins. Co. v. Armstrong, 436 So. 2d 213, 217-18 (Fla. Dist. Ct. App. 1983) (concluding that where there is no reliance by the putative insured upon agent's gratuitous undertaking, there consequently is no legal duty owed to the putative insured); Sheridan v. Greenberg, 391 So. 2d 234, 236 (Fla. Dist. Ct. App. 1980) ("Reliance by the putative insured on the insurance agent's undertaking, even if that undertaking is gratuitous, is sufficient to trigger a duty upon the agent to exercise the reasonable skill and care to obtain the appropriate coverage."). For the same reasons noted above, Plaintiff has failed to demonstrate reasonable reliance upon

3

any undertaking to procure insurance. Therefore, we affirm the district court's grant of summary judgment with respect to the claim of negligent failure to procure insurance.

Because we find that Plaintiff failed to establish the elements of its claims against Elton Porter, any claims against Markel based on vicarious liability necessarily fail. Furthermore, with respect to the claims for declaratory relief and equitable subrogation, we affirm the district court's grant of summary judgment in favor of Markel.

Although there may be other, independent grounds upon which affirmance would be appropriate, the foregoing provide an ample basis.

AFFIRMED.