Scott CHAPMAN, Plaintiff,

v.

ABBOTT LABORATORIES, Defendant.

Case No. 6:12–cv–1418–Orl–22GJK.

United States District Court,
M.D. Florida,
Orlando Division.

March 14, 2013.

Stanley Phillip Aronson, Aronson & Associates, Akron, OH, for Plaintiff.

Penelope A. Dixon, Carlton Fields, PA, Tampa, FL, for Defendant.

**ORDER**

ANNE C. CONWAY, District Judge.

## I. INTRODUCTION

This cause comes before the Court for consideration of Defendant Abbott Laboratories' ("Abbott") Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. No. 13), Plaintiff Scott Chapman's Memorandum in Response (Doc. No. 22), and Abbott's court-authorized Reply (Doc. No. 26). After carefully considering the motion to dismiss, the Court concludes that it must be granted. However, the Court will afford Chapman's counsel one final opportunity to amend, if he can do so consistent with the requirements of Fed.R.Civ.P. 11.

## II. BACKGROUND

This is a product liability action involving an FDA-approved prescription drug known as Humira. Humira was used to treat rheumatoid arthritis and Crohn's disease.[1] Chapman was diagnosed with mild Crohn's disease in October 2007. He began taking Humira in September 2008. Two months later, Chapman developed severe upper back, shoulder, and neck pain, along with numbness and weakness in his right arm. In March 2009, an MRI revealed a large mass tumor in Chapman's thoracic spine. The following month, Chapman was diagnosed with chordoma.[2] Chapman underwent two surgeries to remove the tumor and eventually had eight weeks of radiation treatment.

Chapman contends that "his chordoma was caused by his Humira treatment, that Humira's designer and manufacturer ... Abbott ... failed to adequately warn of the risks of cancer associated with Humira, and that this failure subjects Abbott to liability for Plaintiff's injuries under both statutory and common law." (Doc. No. 22 at pp. 2–3.) Chapman's complaint asserts claims of strict liability, negligence, negligent misrepresentation, breach of warranty of fitness for a particular purpose, and breach of warranty of merchantability.

## III. ANALYSIS

### A. Service of Process and Personal Jurisdiction

Initially, Abbott's motion to dismiss included a challenge to service of process and personal jurisdiction. Chapman responded by conceding insufficiency of service and lack of personal jurisdiction and consented to dismissal. In reply, Abbott withdrew its challenge to service of process and personal jurisdiction, waived service, and urged the Court to reach Abbott's Fed.R.Civ.P. 12(b)(6) arguments. Accordingly, the insufficiency of service and personal jurisdiction issues are moot.

### B. Strict Liability and Negligence Counts

In his complaint, Chapman alleges: "[Abbott] delayed warning about lymphoma and other cancers. Indeed even when the FDA exercised its legal authority to

---

1. Crohn disease, also known as Crohn's disease, is a form of regional enteritis, i.e., "a subacute chronic enteritis, of unknown cause, involving the terminal ileum and less frequently other parts of the gastrointestinal tract; characterized by patchy deep ulcers that may cause fistulas, and narrowing and thickening of the bowel by fibrosis and lymphocytic infiltration, with noncaseating tuberculoid granulomas that also may be found in regional lymph nodes; symptoms include fever, diarrhea, cramping abdominal pain, and

weight loss." Stedman's Medical Dictionary 132350 (27th ed. 2000).

2. Chordoma is "[a] rare neoplasm of skeletal tissue in adults, derived from persistent portions of the notochord; composed of cells arranged in lobules, with abundant myxoid stroma; some cells contain vacuoles that resemble soap bubbles (physaliphorous cells); most frequently in region clivus or lumbarsacral cord." Stedman's Medical Dictionary 77610 (27th ed. 2000).

'require' warnings within 30 days, Abbott stalled until early 2010, after Chapman received his first injections and nearly died." (Doc. No. 1, ¶ 14, at pp. 4–5.) In response, Abbott has submitted a copy of the FDA-approved Humira label in effect when Plaintiff was initially prescribed Humira. (Doc. No. 13–1.) That label does include warnings about lymphoma and other malignancies. (*Id.*) The label is not attached as an exhibit to the complaint; however, Abbott contends that this FDA-approved label is a public document that may be judicially noticed. Abbott argues Chapman's conclusory failure-to-warn allegations are directly contradicted by judicially-noticed facts, with the result that his strict liability and negligence counts fail to state plausible claims for relief.

Chapman's response to this argument is conclusory. Regarding the warning label Abbott submitted with its motion, Chapman does not address the judicial notice issue; instead, his counsel characterizes the label as "unauthenticated" (something judicial notice would remedy) and maintains that because he did not attach the document to his complaint, discovery is required to resolve the "contradiction" between the complaint and the drug label. (Doc. No. 22 at p. 5.)

▮ Chapman does not dispute that the label is publicly available on the FDA's website; in fact, it is. The Court will take judicial notice of the label and the statements contained therein because the label "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2); *see In re Epogen & Aranesp Off–Label Mktg. & Sales Practices Litig.*, 590 F.Supp.2d 1282, 1286 (C.D.Cal.2008) (granting request for judicial notice of drug labels publicly available on FDA website in connection with motion to dismiss).

If a court takes judicial notice of documents pertinent to a motion to dismiss, it need not convert the motion to dismiss into a motion for summary judgment. *Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir.2010).[3]

▮ Chapman also does not respond to Abbott's argument that allegations in a complaint may not be credited where they are contradicted by exhibits or judicially-noticeable documents. A court need not accept as true allegations in a complaint that contradict or are inconsistent with judicially-noticed facts. *Campos v. I.N.S.*, 32 F.Supp.2d 1337, 1343 (S.D.Fla.1998); *Spinosi v. U.S.*, No. 2:11–cv00961, 2011 WL 7144897 *3 (S.D.Ohio Dec. 6, 2011), *report and recommendation adopted*, 2012 WL 368133 (S.D.Ohio Feb. 3, 2012).

▮ The foundation of Chapman's failure to warn theory as set forth in the strict liability and negligence counts is that Abbott did not warn of Humira's alleged risks of cancer until after Chapman began taking the drug. As previously noted, paragraph 14 of the pleading states: "Defendants delayed warning about lymphoma and other cancers. Indeed, even when the FDA exercised its legal authority to 'require' warnings within 30 days, Abbott stalled until early 2010, after Chapman received his first injections and nearly died. This is unconscionable behavior." (Doc. No. 1, ¶ 14, at pp. 4–5.) However, this claim is squarely contradicted by the February 2008 judicially-noticed drug label that does contains warnings about malignancies. (Doc. No. 13–1.) This conflict renders implausible the failure to warn theory as currently pled in Chapman's strict liability and negligence counts. Although those counts reference other potential liability theories (defective design, manufacture and distribution), it unclear to

**3.** The Court recognizes that unpublished Eleventh Circuit decisions are merely persuasive.

what extent these theories depend on or are intertwined with the failure to warn allegations. Moreover, it appears that the allegations in the statement of facts section preceding the counts in the complaint all relate to failure to warn. Hence, the complaint does not contain any allegations that support a plausible claim for relief on these other potential liability theories. In any event, is it clear that the overarching theme of Chapman's case is failure to warn, as evidenced by Chapman's counsel's summary of the action in his response to the motion to dismiss: "Plaintiff alleges that his chordoma was caused by his Humira treatment, that Humira's designer and manufacturer ... Abbott ... failed to adequately warn of the risks of cancer associated with Humira, and that this failure subjects Abbott to liability for Plaintiff's injuries under both statutory and common law." (Doc. No. 22 at pp. 2–3.) Accordingly, the Court will grant the motion to dismiss insofar as it seeks dismissal of the strict liability and negligence counts. However, the Court will grant Chapman leave to amend to afford him one final opportunity to state plausible strict liability and negligence claims, if he can plead such claims consistent with his obligations under Fed.R.Civ.P. 11.

## C. Negligent Misrepresentation

 Abbott contends Chapman has failed to plead his negligent misrepresentation claim with the specificity required by Fed.R.Civ.P. 9(b). That rule requires a party alleging fraud to "state with particu-larity the circumstances constituting fraud[.]" Fed.R.Civ.P. 9(b). This heightened pleading requirement applies to actions for negligent misrepresentation brought pursuant to Florida law. *Linville v. Ginn Real Estate Co.*, 697 F.Supp.2d 1302, 1306 (M.D.Fla.2010); *Postel Indus., Inc. v. Abrams Grp. Const., L.L.C.*, No. 6:11–cv–1179–Orl–28DAB, 2012 WL 4194660 *2 (M.D.Fla. Sept. 19, 2012). In order to satisfy Rule 9(b), a complaint must allege facts regarding the "time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir.2012) (internal quotation marks omitted).

Chapman's response to this argument is conclusory. After acknowledging Rule 9(b)'s requirements[4] and reciting the elements of the tort of negligent misrepresentation, Chapman states: "The Complaint, when taken as a whole, meets the particularity and cause specific elements that state a claim for relief under a theory of negligent misrepresentation." (Doc. No. 22 at 6.) To the contrary, the complaint does not satisfy Rule 9(b). It is devoid of specifics regarding the time, place and substance of the alleged fraud. *Cf. Matheny*, 671 F.3d at 1222–30 (discussing detailed allegations found sufficient to satisfy Rule 9(b)). Accordingly, dismissal is required. Again, the Court will afford Chap-

---

4. Chapman's counsel quotes the Rule 9(b) standard articulated in *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997). The language he quotes is contained in a portion of the appended district court opinion (Part II) which the appellate panel did not adopt. 116 F.3d at 1364 (affirming district court's grant of summary judgment "based upon the holding and rationale contained in Part III.A" of the district court's order attached to the appellate opinion and stating "[w]e have no occasion to reach the remaining issues addressed in other parts of that order and imply no view concerning any of them.") Nevertheless, subsequent appellate opinions articulating the same standard make clear that the test set forth in *Brooks* represents the law of the Eleventh Circuit. *See, e.g., Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

man an opportunity to amend to attempt to state a viable negligent misrepresentation claim, if he can do so consistent with Rule 11.

### D. Breach of Implied Warranties

Abbott contends Chapman's claims of breach of the implied warranty of fitness for a particular purpose and merchantability should be dismissed because Chapman cannot allege privity with Abbott and he did not provide notice of breach to Abbott. Abbott maintains that privity and notice are required by Florida law. This appears to be correct. *See Weiss v. Johansen*, 898 So.2d 1009, 1012 (Fla. 4th DCA 2005) ("As to standing, in order to recover for the breach of a warranty either express or implied, the plaintiff must be in privity of contract with the defendant"); *Dunham–Bush, Inc. v. Thermo–Air Service, Inc.*, 351 So.2d 351, 353 (Fla. 4th DCA 1977) (pursuant to Fla. Stat. § 672.607(3)(a), breach of warranty claim must allege notice to seller of breach). In his response, Chapman ignores these arguments. In fact, he does not address his breach of warranty claims at all. The Court considers this a concession that his pleading is deficient in these respects. This necessitates dismissal. Consistent with the Court's treatment of the preceding counts, the Court will give Chapman a final chance to amend to state viable implied warranty claims, if he can do so consistent with Rule 11.

### IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Defendant Abbott Laboratories' ("Abbott") Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. No. 13), filed on October 12, 2012, is GRANTED insofar as it seeks dismissal of the complaint for failure to state a claim. However, the Court will dismiss the complaint with leave to amend.

2. On or before April 1, 2013, Plaintiff shall file an amended complaint remedying the pleading deficiencies identified herein, if his counsel can do so consistent with the requirements of Fed.R.Civ.P. 11. If Plaintiff does not file an amended complaint by April 1, 2013, the case will be dismissed with prejudice without further notice.