[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10472
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01099-JDW-TGW

MICHAEL MCGEE,
an Individual,
REMA MCGEE,
an Individual,
ROBERT J. RYAN,
an Individual,
DAVID E. SCHEUERMAN,
an Individual,
DAWN A. SCHEUERMAN,
an Individual,
NANCY A. SCHEUERMAN,
an Individual,
JOSEPH PAWLIK, JR.,
an Individual,
KIMBERLY MURRAY,
an Individual,
SCOTT MURRAY,
an Individual,
VICKY POHL,
an Individual,
KEVIN POHL,
an Individual,
DANIEL REMUS,
an Individual,
DAVID J REMUS,
an Individual,
DAYLEN REMUS,

an Individual,
TIFFANY REMUS,
an Individual,
HAL HAMPTON,
an Individual,
LOURDES HAMPTON,
an Individual,
IAN B. CURRIE,
an Individual,
MELISSA CURRIE,
an Individual,
VI-C INVESTORS, LLC,
KURT M. ZURAWSKI,
an Individual,
REBECCA L. GRAEBER,
an Individual,
TERESA NISIVOCCIA,
an Individual,
DAVID NISIVOCCIA,
an Individual,
KEVIN HUNTER,
an Individual,
JOHN JORDAN, JR.,
an Individual,
TERI JORDAN,
an Individual,
LUCY D. GREENE,
an Individual,
DAVID GOETTGE,
LYNN E STEVENSON,
an Individual,
JOHN STEVENSON,
an Individual,
LORI WALLER,
an Individual,
SARIT NETANEL,
an Individual,
ERAN NETANEL,
an Individual,
CLARK BLACKWOOD,

an Individual,
d.b.a. BFS Eagle LLC,
ANDREW M. CRIPE,
an Individual,
KRISTI CRIPE,
an Individual,
VYTAS ANKAITIS,
an Individual,
MARILEE ANKAITIS,
an Individual,
RANDALL RICHARDS,
an Individual,
JAMES WALKER,
an Individual,
ANNIE M. WALKER,
an Individual,

Plaintiffs - Appellants,

versus

JP MORGAN CHASE BANK, NA,
a New York corporation,

Defendant - Appellee,

NATIONAL CITY MORTGAGE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges:

PER CURIAM:

Plaintiffs-Appellants Michael McGee et al., purchasers of investment real estate in a Sarasota, Florida condominium development, appeal from the district court's dismissal of the amended complaint they filed against their lender, JPMorgan Chase Bank, N.A. ("Chase").  The complaint alleges that after the plaintiffs entered into contracts to purchase condominium units at the Sarasota Cay Club ("SCC"), a Chase loan officer, Ross Pickard, made misrepresentations related to the price of the units, the sale of other units in the project, and appraisals of their units.  On appeal, the plaintiffs argue that the district court erred in dismissing their complaint for failure to state a claim of negligent misrepresentation against Chase.  After careful review, we affirm.

We review de novo the district court's grant of a motion to dismiss.  Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544,

4

570 (2007)).  In reviewing a motion to dismiss, we accept as true all factual allegations contained in the complaint, but we are "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. (quotation omitted). Threadbare recitations of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id.  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

To state a cause of action for negligent misrepresentation in Florida, a plaintiff must allege: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely . . . on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation."  Simon v. Celebration Co., 883 So. 2d 826, 832 (Fla. 5th DCA 2004).   Further, because negligent misrepresentation sounds in fraud, the facts surrounding the claim must be pled with particularity.  Fed. R. Civ. P. 9(b); Linville v. Ginn Real Estate Co., 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010); see Ostreyko v. B.C. Morton Org., Inc.,

310 So. 2d 316, 318 (Fla. 3d DCA 1975) ("In this state, a negligent misrepresentation is considered tantamount to actionable fraud."). Plaintiffs must therefore allege "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011).

Plaintiffs base their claim on representations which fall into three categories: pricing representations, sales representations, and appraisal representations. None is sufficient to state a cause of action for negligent misrepresentation.

Among other things, the complaint fails to allege facts satisfying the fourth element of a negligent misrepresentation claim -- reliance. The only allegation concerning reliance repetitively offered by the plaintiffs is the conclusory claim that they "relied upon the PICKARD statements to proceed with the purchase and CHASE loan of the SCC unit." But this unexplained assertion is merely a "[t]hreadbare" recitation of negligent misrepresentation's "reliance" element, Iqbal, 556 U.S. at 678, and, moreover, fails to establish that Pickard's representations about pricing, sales or appraisals were "a substantial factor in determining the course of conduct that result[ed] in [their] loss." See Specialty

6

Marine & Indus. Supplies, Inc. v. Venus, 66 So. 3d 306, 311 (Fla. 1st DCA 2011) (quotation omitted).  The amended complaint also lacks any allegations showing "the manner in which [the statements] misled the plaintiff[s]."  FindWhat, 658 F.3d at 1296.  Furthermore, since the plaintiffs had already entered into SCC purchase contracts by the time they spoke with Pickard, the complaint notably fails to allege that the plaintiffs could have cancelled their purchase contracts and did not do so because of these representations.

In addition, the plaintiffs' claim -- that they relied upon Pickard's representations when they entered into the loan agreements and closed the purchases -- fails to support a viable claim for damages.  Presumably the plaintiffs' theory is that the pricing, sales and appraisal representations by Pickard overstated the value of the property and, as a result, they paid the developer more than the units were worth.  However, whether the plaintiffs paid with cash or a loan from Chase, their damages would be the same: the amount by which the purchase price exceeded the value of the property. Thus, the plaintiffs have not alleged that anything about the loan or Pickard's statements caused them to suffer damages. Simply put, the plaintiffs have not been "economically damaged in [their] loan transaction[s] with the bank."  Cooper v. Brakora & Assocs., Inc., 838 So. 2d 679, 682 (Fla. 3d DCA 2003).

7

In short, the plaintiffs' allegations regarding Chase's pricing, sales and appraisal representations fail state a claim for negligent misrepresentation.

**AFFIRMED.**

8