[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13142
Non-Argument Calendar

_____

D. C. Docket No. 04-20481-CV-AJ

UNIVERSAL EXPRESS, INC.,
a Nevada corporation authorized
to do business in the State of
Florida,

Plaintiff-Appellant,

versus

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
JOHN DOE 1,
JOHN DOE 2,
and diverse other persons whose
identity also is currently
unknown to the plaintiff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Universal Express, Inc., appeals the dismissal of its complaint against the Securities Exchange Commission and two unnamed employees of the Commission on the narrow ground that the district court failed to give notice that it would rely on documents outside of the complaint when it granted the motion to dismiss. Because the only matters on which the district court relied were public records, we affirm.

In June 2003, the Commission began to investigate Universal for securities fraud. Around August 2003, the Commission issued subpoenas to Universal that requested various documents. Universal produced the requested documents without objection. On March 31, 2004, the Commission brought a civil enforcement action in the Southern District of New York against Universal.

On March 2, 2004, before the Commission initiated its action, Universal filed a complaint against the Commission and two of its employees that alleged the Commission had issued the subpoena in retaliation for criticisms Universal had made of the Commission. The complaint alleged these actions violated the First and Fifth Amendment of the U.S. Constitution and state tort law. Universal sought damages as well as declaratory and injunctive relief.

2

The Commission moved to dismiss the suit brought by Universal. In support of its motion, the Commission attached the complaint it filed in the enforcement proceeding pending before the Southern District of New York. The district court considered the action pending before the Southern District of New York and dismissed several of the claims of Universal because the action pending in New York provided an adequate alternative remedy. The district court granted the motion to dismiss as to the other claims on grounds not relevant to this appeal.

We review de novo the grant of a motion to dismiss. Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005). A motion to dismiss may be granted for defect in jurisdictional, venue, or process, see Fed. R. Civ. P. 12(b)(1)-(5), or for failure to state a claim, see id. R. 12(b)(6). When a district court considers a motion to dismiss on jurisdictional grounds, it may consider matters "beyond the pleadings in order to determine whether it lacked subject matter jurisdiction." Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). When the motion is based on failure to state a claim, the district court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c). Fed. R. Civ. P. 12(b).

Universal argues that the district court considered matters outside the pleadings—the complaint filed by the Commission in the Southern District of New York—when it granted the motion to dismiss and failed to provide adequate notice under Rule 56(c). The Commission argues that the decision of the district court was jurisdictional and, alternatively, the complaint is a matter of public record and may therefore be considered without converting the motion to dismiss to a motion for summary judgment. We need not address whether the decision of the district court was based on jurisdiction or on failure to state a claim because we agree with the Commission that the district court could consider the complaint without converting the motion to one for summary judgment.

A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999). Public records are among the permissible facts that a district court may consider. See Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); cf. Bryant, 187 F.3d at 1278 (11th Cir. 1999) (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice . . . of relevant public documents required to be filed with the SEC"). Because the

complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary judgment or comply with the notice requirements of Rule 56(c). That the complaint in the New York action was filed after Universal filed its complaint does not affect its status as a public record.

**AFFIRMED**.

5