[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12330
Non-Argument Calendar

_____

D. C. Docket No. 06-04740-CV-LSC-W

SAMMY EDWARD SIMPSON, II,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF HUMAN RESOURCES,
MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES,
DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES,
ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES,
JACKSON COUNTY DEPARTMENT OF HUMAN RESOURCES, et
al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 11, 2009)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Sammy Edward Simpson, II, brought this suit against Alabama Department of Human Resources ("DHR"), Marshall County DHR, DeKalb County DHR, Etowah County DHR, Jackson County DHR, and Jefferson County DHR claiming that they had discriminated against him on the basis of a disability, i.e., due to his disability, they would not employ him, in violation of the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. §§ 791 and 794. Simpson alleged that he (1) was a person with a disability as defined in the Act, i.e., Attention Deficit Hyperactivity Disorder ("ADHD") and a Special Learning Disability ("SLD"), both of which substantially limited one of his major life activities, (2) had a record of such disability, and (3) was perceived by the defendants as having such disability.[1] He alleged that Marshall County DHR discharged him from his employment due to this disability, his record of having this disability, or its perception that he had such disability; thereafter, the other defendants' refused to hire him on account of his disability.

The district court granted the defendants summary judgment on March 31, 2008, pursuant to the memorandum opinion and ordered it entered the same day.

---

[1] At the same time, Simpson alleged that he was able to perform the essential functions of a social worker employed by the defendants.

2

The court assumed (1) that Simpson had ADHD and SLD, and that, under the Act, ADHD and SLD are mental impairments, and (2) that learning and working are major life activities. The court concluded, however, that Simpson failed to present evidence establishing that these impairments substantially limited his ability to learn, that they substantially limited one or more major life activities, and that the defendants relied on a record of such impairments. Nor did the defendants perceive him as disabled in any life activity. In sum, the court concluded that Simpson failed to show that he was "disabled" as defined by the Act.

Simpson now appeals the court's judgment. As a threshold issue, we must address the defendants' argument that Simpson has abandoned his claim that he is disabled with respect to the major life activity of <u>working</u>, because his brief addresses only the district court's findings with respect to the major life activity of <u>learning</u>.

"[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue – even if properly preserved at trial – will be considered abandoned." <u>United States v. Jernigan</u>, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Passing references to issues are insufficient to raise a claim on appeal – if the appellant "fails to offer argument on an issue, that issue is abandoned." <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1228 n.2 (11th Cir.

2005); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Simpson's brief presents no argument challenging the district court's determination with respect to the major life activity of working. Simpson's claim that his disability limits such activity is accordingly abandoned.

Simpson argues that the district court erred in concluding that, as a matter of law, the evidence he presented was insufficient to establish that his mental conditions significantly limited his ability to learn. To establish a prima facie case of discrimination under the Rehabilitation Act, the plaintiff must show that he was: (1) disabled or perceived to be disabled; (2) a qualified individual; and (3) discriminated against on the basis of his disability. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). The standards for liability under the Act serve as precedent for cases under the Americans with Disabilities Act, 42 U.S.C. § 12102, and vice versa. See Cash v. Smith, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000). Under the federal regulations, an individual is "disabled" if he (1) has a physical or mental impairment that substantially limits one or more of his major life activities, (2) has a record of such an impairment, or (3) is regarded by his employer as having such an impairment. Cash, 231 F.3d at 1305; see also 42 U.S.C. § 12102(2).

In concluding that Simpson failed to establish for summary judgment

4

purposes that his mental conditions had a significant limiting effect on his ability to learn, the district court cited Simpson's past academic success. Simpson contends that the court erred, that he adduced evidence showing that this success was dependent upon the accommodations, such as extended time, that he received from organizations such as Vocational Rehabilitation. He points out, moreover, that the court had before it evidence, such as his scores on tests conducted by the Alabama Department of Rehabilitation Services, showing how his "processing speed" limits him, as compared to others in the general population. Finally, he notes that doctors, counselors, and other evaluators all considered these test results and diagnosed him with a disability which substantially limits his ability to learn.

The Act defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 29 U.S.C. § 705(9)(B). This definition of "disability" involves a three-step analysis. Rossbach v. City of Miami, 371 F.3d 1354, 1357 (11th Cir. 2004). First, has the plaintiff established that his condition constitutes a physical or mental impairment? See id. Second, has he established that the life activity he claims has been limited is a "major life activity." See id. According to the regulations, "[m]ajor life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i)

5

(emphasis added). Finally, has the plaintiff established that the impairment "substantially limits" the major life activity he has identified? See Rossbach, 371 F.3d at 1357. The term "substantially limits" means "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(i)(1)(i), (ii).

In determining whether an individual is substantially limited, the court considers: "(1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." Sutton, 185 F.3d at 1208-09 (citing 20 C.F.R. § 1630.2(j)(2)). The court considers, in addition, any alleged disability "with reference to corrective [or mitigating] measures." Sutton v. United Air Lines, Inc., 527 U.S. 471, 488, 119 S.Ct. 2139, 2149, 144 L.Ed.2d 450 (1999). The terms "major life activities" and "substantially limits" are to be strictly interpreted "so as 'to create a demanding standard for qualifying as disabled. . . .'" Garrett v. Univ. Of Ala. At Birmingham Bd. Of Trustees, 507 F.3d 1306, 1311 (11th Cir. 2007) (quoting Toyota Motor Mfg., Ky.,

Inc. v. Williams, 534 U.S. 184, 197, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002)).

That a person is disabled means "that [the] person be presently – not potentially or hypothetically – substantially limited." Sutton, 527 U.S. at 482, 119 S.Ct. at 2146. "It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment." Toyota Motor Mfg., 534 U.S. at 198, 122 S.Ct. at 691. Rather, the plaintiff must offer evidence "that the extent of the limitation [caused by the impairment] in terms of their own experience . . . is substantial." Id.

Although the test results contained in Simpson's Vocational Evaluation Report may indicate that Simpson's learning ability is somewhat limited in some specific areas, they do not indicate that his overall ability to learn is substantially limited. Simpson presented no evidence of the effect his conditions currently have on his every day activities and, more specifically, his ability to learn. In sum, Simpson has failed to establish that he suffers from a disability.

Simpson challenges the court's determination that he failed, as a matter of law, to prove a record of an impairment. He asserts that he had a documented record of his impairment, to-wit: a diagnosed learning disability, which, by definition, substantially limits his ability to learn.

The relevant regulation defines "record of . . . impairment" as meaning that a person "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k) (1997). Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1229 (11th Cir. 1999). "The intent of this provision, in part, is to ensure that people are not discriminated against because of a history of disability." Id. "This part of the definition is satisfied if a record relied on by an employer indicates that the individual has or has had a substantially limiting impairment. . . . There are many types of records that could potentially contain this information, including but not limited to, education, medical, or employment records."

The district court was correct in concluding that Simpson failed to show that his impairment substantially limited his ability to learn. The court had before it no evidence that the defendants relied on a record of any such impairment. In short, Simpson has no case of discrimination based on a record of impairment.

Simpson's final challenge to the district court's summary judgment is that the court erred in holding that he failed to introduce evidence from which a reasonable jury could find that one or more of the defendants regarded him as disabled.

A person may be "disabled" under the Act if he is "regarded by" his

employer as disabled, meaning that he

> (1) has an impairment that does not substantially limit a major life activity, but is treated by an employer as though it does; (2) has an impairment that limits a major life activity only because of others' attitudes towards the impairment; or (3) has no impairment whatsoever, but is treated by an employer as having a disability as recognized by the [Rehabilitation Act].

Hilburn, 181 F.3d at 1230. "[F]or a plaintiff to prevail under this theory, he must show two things: (1) that the perceived disability involves a major life activity; and (2) that the perceived disability is substantially limiting and significant." Rossbach, 371 F.3d at 1360 (internal quotations omitted). "As with actual disabilities, a perceived impairment must be believed to substantially limit a major life activity of the individual." Hilburn, 181 F.3d at 1230.

The fact that Wayne Sellers, Director of the Marshall County DHR, may have been aware of Simpson's conditions while he was employed by the DHR was clearly insufficient to establish that Sellers perceived him to have a disability. Furthermore, Sellers's comment regarding vocational rehabilitation clients in no way indicates that Sellers terminated Simpson's employment because he regarded Simpson as having a disability, or even that he believed that Simpson was substantially limited in his ability to learn. We therefore reject Simpson's final challenge. The judgment of the district court is, accordingly,

9

AFFIRMED.