[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10561
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60927-WPD

ODESSA HORNE,

                                        Plaintiff - Appellant,

versus

POSTMASTER GENERAL JOHN POTTER,
United States Postal Service Agency,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Odessa Horne, an African-American woman over the age of 40, appeals pro se from the district court's dismissal of her complaint against Postmaster General John Potter ("the USPS"), on her claims of discrimination based on race, national origin, and sex, and her claim of retaliation, all brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a); her claim of age discrimination brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; and her claim brought under the Rehabilitation Act of 1973, 29 U.S.C. § 791. The district court dismissed Horne's complaint, finding that her claims were barred by the doctrine of res judicata.

On appeal, Horne argues that the doctrine of res judicata does not bar her from bringing her second complaint. First, she argues that her first and second cases involved different facts and different documents because her first case involved an administrative separation dated November 2, 2006, whereas her second case involves a disability separation dated May 21, 2008. Second, she asserts that she was not separated from employment or made aware of the USPS's Rehabilitation Act violation until she received a Notification of Personnel Action on May 31, 2008, which occurred after she filed her first complaint. Third, she argues that the district court's finding that she chose to wait to file a second complaint instead of amending her first complaint or requesting a stay of the

2

proceedings is meritless. She contends that she did not have a duty to supplement her original complaint because her cause of action under the Rehabilitation Act did not arise until after the date that she filed her first lawsuit. She also claims that she attempted to raise her Rehabilitation Act claim during discovery in her first case, which is when it arose, but that the USPS objected and the district court would not recognize such a claim. Upon review of the record and consideration of the parties' briefs, we affirm the district court's decision.

## I. STANDARDS OF REVIEW

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004) (citation omitted). A complaint may be dismissed for failure to state a claim "when its allegations . . . show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (stating that res judicata is an affirmative defense). We also review de novo a district court's finding that a claim is barred by res judicata. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citations omitted). In reviewing this case, we note that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys

3

and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

## II. DISCUSSION

*A. Motion to Dismiss and Judicial Notice*

Before we determine whether the district court erred by dismissing Horne's complaint based on the doctrine of res judicata, we must address whether it could take judicial notice of pleadings and orders in Horne's prior case and consider the exhibits attached to the USPS's motion to dismiss, or whether it should have converted the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[1] This is an issue we address sua sponte. *See Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1985) (per curiam) (citation omitted).

A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The district court properly

---

[1] If a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), then the motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (per curiam). Where a district court converts a motion to dismiss into a motion for summary judgment, the court must provide all parties with a reasonable opportunity to present all material that is pertinent to the decision of whether summary judgment is appropriate. *Id*.

took judicial notice of the documents in Horne's first case, which were public records that were "not subject to reasonable dispute" because they were "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b); *see also Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir. 2006) (per curiam) (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)); *Bryant*, 187 F.3d at 1278; (R1–33 at 2 n.1).

Moreover, the district court did not err in considering the exhibits attached to the USPS's motion to dismiss, including the Notification of Personnel Action and the March 26, 2009 EEOC right to sue letter, because they were central to the claims in Horne's complaint and were undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted) (holding that the district "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed"); *see also* R1–33 at 4 n.2. Thus, the district court properly considered the documents in this case, and did not need to convert the motion to dismiss into a motion for summary judgment.

*B. Res Judicata*

In this Circuit, a claim is precluded by prior litigation if: "(1) there is a final

judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238 (footnote omitted). Prong four is at issue in this case.

Two cases are the same "claim" or "cause of action" "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action." *Ragsdale*, 193 F.3d at 1239. "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992) (citation and quotations omitted). A court must therefore examine all factual issues that must be resolved in the second suit and compare them with the issues explored in the first suit. *Ragsdale*, 193 F.3d at 1239 (citation omitted). However, res judicata bars only those claims that could have been raised in prior litigation if they arose before the original pleading, and is not inclusive of claims that arose after the original pleading is filed. *Id.* at 1238; *Manning*, 953 F.2d at 1360 (citation omitted).

Here, Horne's Rehabilitation Act claim[2] arose out of the same nucleus of

_____

[2] The Rehabilitation Act "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999) (citing 29 U.S.C. § 791). To establish a prima facie case of discrimination under

operative facts and was based on the same factual predicate as the claims in her first complaint.[3] In both complaints, Horne alleged that: (1) on September 9, 1996, she suffered an on-the-job injury; (2) she was absent from work due to her injury beginning in April 1997; (3) on April 12, 2007, the Department of Labor informed the USPS that Horne was able to return to work; (4) on three separate occasions, Horne requested in writing to be returned to work, but did not receive a response; (5) the USPS's actions were in violation of various rules and regulations; and (6) the USPS had made accommodations for many other employees who had sustained on-the-job injuries. (*Compare* R1–1 at ¶¶8–9, 11–12, 15, 23, 35, *with* R1–20, exh. 3 at ¶¶8–9, 26–27, 30–33, 40–41).

Horne argues that in her first complaint, she alleged that the USPS informed her, in a document dated November 2, 2006, that she was being administratively separated from employment, whereas in her second complaint, she alleged that, on May 31, 2008, she received a Notification of Personnel Action for separation based

---

the Rehabilitation Act, an individual must show that she (1) has a disability; (2) "is otherwise qualified for the position;" and (3) "was subjected to unlawful discrimination as the result of her disability." *Id.* (citations omitted).

[3] Horne does not challenge the district court's finding that her Title VII and ADEA claims were barred by the doctrine of res judicata, and thus she has abandoned any challenge to the district court's dismissal of such claims. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that we will not consider an argument that is not presented on appeal) (citation omitted).

on a disability, which stated that it was effective in November 2006 and was for "separation disability." (*Compare* R1–1 at ¶16, *with* R1–20, exh. 3 at ¶28; *see* R1–20, exh. 4 at 1).

Although the administrative separation and the disability separation differed in name, both were based on Horne's on-the-job injury that allegedly caused a disability. (*Compare* R1–1 at ¶16, *with* R1–20, exh. 3 at ¶¶13, 20, 28). Horne alleged in her first complaint that she was subject to an administrative separation because the USPS believed that it was unlikely that she would be able to return to work, given that she had a "total disability." (*See* R1-1 at 11, 13, 20, 28). The Notification of Personnel Action that formed the basis for Horne's second complaint stated that she was being separated based on a disability. (*See* R1–1 at ¶16; R1–20, exh. 4 at 1). Thus, Horne's Rehabilitation Act claim arose out of the same nucleus of operative facts and was based on the same factual predicate as the claims in her first complaint, namely, that the USPS separated her from employment because she was disabled. *See Ragsdale*, 193 F.3d at 1239.

Moreover, although Horne argues that she did not know she was being separated based on her disability until she received the Notification of Personnel Action dated May 21, 2008, the allegations contained in her first complaint show that she was aware, or should have been aware, that the USPS was separating her

8

from employment because her on-the-job injury had resulted in her being totally disabled. (*See* R1–20, exh. 3 at ¶¶13, 20, 28, 29). Even if Horne was unaware of the USPS's classification of her as disabled, disability as defined by the USPS is not necessarily the same classification protected by the Rehabilitation Act, under which a claim could have been brought prior to the USPS's disability separation notification. *Rolland v. Potter*, 492 F.3d 45, 49 (1st Cir. 2007).[4]

Horne's arguments that the district court did not consider and that the USPS prevented her from bringing a Rehabilitation Act claim are without merit. "[T]he plaintiff is the master of the complaint" and "[t]he plaintiff selects the claims that will be alleged in the complaint." *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008). Because Horne did not raise a Rehabilitation Act claim in, or add such a claim to, her first complaint, the district court was not obligated to consider such a claim. The prior proceedings on Horne's separation from the USPS were not resolved until a year later, allowing her plenty of time to amend the prior pleadings

---

[4] "A person may be 'disabled' under the Act if he is 'regarded by' his employer as disabled, meaning that he (1) has an impairment that does not substantially limit a major life activity, but is treated by an employer as though it does; (2) has an impairment that limits a major life activity only because of others' attitudes towards the impairment; or (3) has no impairment whatsoever, but is treated by an employer as having a disability as recognized by the [Rehabilitation Act]." *Simpson v. Ala. Dep't of Human Res.*, 311 F. App'x. 264, 268 (11th Cir. 2009) (per curiam) (citation omitted) (alteration in original). "[F]or a plaintiff to prevail under this theory, he must show two things: (1) that the perceived disability involves a major life activity; and (2) that the perceived disability is substantially limiting and significant." *Id.*

or request a stay while she pursued the Rehabilitation Act administrative process. Moreover, the USPS did not prevent Horne from bringing such a claim. The USPS did not argue in Horne's first case that she could not bring a Rehabilitation Act claim or that she could not include a Rehabilitation Act claim in her complaint; rather, the USPS solely argued that if she were to bring a Rehabilitation Act claim, it would fail. Thus, the USPS's argument on appeal that Horne could have brought her Rehabilitation Act claim in her first complaint is not inconsistent with its arguments in Horne's first case that such a claim would fail.

Finally, even if Horne's Rehabilitation Act claim is not barred by the doctrine of res judicata, she does not challenge the district court's alternative finding that her complaint was subject to dismissal because she failed to set forth any plausible facts of discrimination or show that the USPS's legitimate, nondiscriminatory reason for separating her from employment that it gave in her first case (failure to report for duty for a period of almost ten years) was pre-textual. (*See generally* R1–33 at 10 n.3).

Because Horne's Rehabilitation Act claim arose out of the same nucleus of operative facts and was based on the same factual predicate as the claims in her first complaint, namely, that the USPS separated her from employment because she had sustained an on-the-job injury which resulted in her being disabled, the district

10

court properly found that her Rehabilitation Act claim was barred by the doctrine of res judicata. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**