**Marlenis SMART, Plaintiff,**

v.

**CITY OF MIAMI BEACH, Defendant.**

**Case No. 13–20699–CIV.**

United States District Court,
S.D. Florida.

Signed March 4, 2014.

Omar Ortega, Dorta & Ortega, P.A., Coral Gables, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach, Miami Beach, FL, for Defendant.

## ORDER

KATHLEEN M. WILLIAMS, District Judge.

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Motion for Sanctions (DE 11), to which Plaintiff filed a Response (DE 12) and Defendant filed a Reply (DE 13). In addition, the Court also addresses Plaintiff's Unopposed Motion for Leave to File Amended Complaint (DE 15).

## I. BACKGROUND

In a previous lawsuit, Plaintiff Marlenis Smart brought Title VII claims against Defendant City of Miami Beach alleging sexual harassment, sexual discrimination, retaliation, and other similar violations. (DE 1, Compl. ¶ 18.) The case proceeded to trial, and on March 9, 2012, the jury returned a verdict in favor of Smart and awarded her $700,000. (Compl. ¶ 21.) However, the docket reveals that the Court subsequently granted the City's post-trial motion for judgment as a matter of law, in part because the Court found that Plaintiff and her mother attempted to tamper with the testimony of two witnesses. (Case No. 10–CV–21667–MGC, DE 218 at 20–22.) Plaintiff has appealed that ruling. (*Id.*, DE 219, 233.)

In the instant action against the City, Plaintiff's Complaint alleges the following facts, many of which the City challenges but which the Court must accept as true for purposes of deciding the City's Motion to Dismiss. *See Speaker v. U.S. Dept. of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir.2010). During her 2012 trial, City employees, including Javier Otero (Assistant Fire Chief/Fire Chief), Jorge Sanabria (C–Shift Chief/Assistant Fire Chief), Sonia Machin (Fire Marshal), and Rob Rosenwald (City Attorney), allegedly began a pattern of retaliation against Plaintiff for bringing the lawsuit against the City, which Plaintiff claims violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* (Compl. ¶¶ 1, 22–34.) First, Plaintiff alleges that Otero, Sanabria and Machin denied Plaintiff's request for time off during her trial (on March 6, 2012) to take an examination to qualify as a Lieutenant, even though Plaintiff had accumulated time off for that purpose. (Compl. ¶¶ 29–34.) Second, Plaintiff alleges that, after the conclusion of her trial, these City employees relegated Plaintiff from active duty as a firefighter or paramedic to a "helper" in the fire prevention department, even though Plaintiff had already completed a mandatory forty-hour re-orientation course. (Compl. ¶¶ 23–28.) Finally, Plaintiff alleges that in August 2012, the City's IT Department removed Plaintiff's computer and other items from her desk in contravention of City policies, and that Machin "ordered" Plaintiff not to

contact the police about the incident. (Compl. ¶¶ 35–44.)

Additionally, Plaintiff describes a meeting on September 5, 2012, with Sanabria and Captain Edward Gonzalez where Sanabria informed Plaintiff that, to return to active duty, she would be required to take a re-certification course. (Compl. ¶¶ 45, 50–51.) At some point, Sanabria accused Plaintiff of secretly making an audio recording of the meeting, locked Plaintiff in a room and called the police (and, although Plaintiff does not expressly deny making a recording, she alleges that no recording or recording device were ever found). (Compl. ¶¶ 54–56.)

Based on these allegations, Plaintiff brings four claims against the City: (1) violations of Title VII of the Civil Rights Act of 1964; (2) retaliation under the Florida Civil Rights Act of 1992; (3) false imprisonment; and (4) intentional infliction of emotional distress. (Compl. ¶¶ 58–80.) In its Motion, the City moves to dismiss Counts 1 and 2 under Federal Rule of Civil Procedure 12(b)(6).[1] (DE 11, Mot. to Dismiss ("MTD") at 7–10.) The City also moves for sanctions against Plaintiff pursuant to the Court's inherent authority. (MTD at 11–20.)

## II. ANALYSIS

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir.1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker*, 623 F.3d at 1379; *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). While a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir.2007) (quoting *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955).

A court "generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir.2005). Nonetheless, in certain instances, a court may consider documents without converting the motion to dismiss into one for summary judgment. *Id.* at 1276 (stating

---

1. The City does not mention Counts 3 and 4 in its Motion or argue why those claims should be dismissed. Instead, the City asks the Court to dismiss Counts 3 and 4 for the first time in a footnote in its Reply. (DE 13, Reply at 6 n. 3.) Consequently, the City has waived any argument regarding dismissal of Counts 3 and 4. *See Eisenberg v. Shendell & Assocs., P.A.*, No. 10–CV–62149–JIC, 2011 WL 1233253, at *2 n. 3 (S.D.Fla. Mar. 31, 2011) ("Arguments not properly presented in a par-

ty's initial brief or raised for the first time in the reply brief are deemed waived" (citing *United States v. Fiallo–Jacome*, 874 F.2d 1479, 1482 (11th Cir.1989))); *Energy Source, Inc. v. Gleeko Props., LLC*, No. 10–21162–CIV, 2011 WL 3236047, at *7 n. 4 (S.D.Fla. July 28, 2011) (declining to consider a new request to transfer venue in part because "Defendants did not raise it in the initial Motion (and therefore Plaintiffs did not get an opportunity to address its merits)").

that a court may do so "if the attached document is (1) central to the plaintiff's claim and (2) undisputed").

■ Here, the City attached and referred to numerous outside materials in its Motion to Dismiss, including voluminous e-mail strings and other documents. Citing *Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir.2006), the City contends that the Court may consider these outside materials without converting the City's Motion to Dismiss to a motion for summary judgment. In *Universal Express*, the court stated that "public records are among the permissible facts that a district court may consider" in ruling on a motion to dismiss. *Id.* The Court disagrees that the numerous materials attached by the City to the Motion to Dismiss (such as the voluminous e-mail strings) constitute public records as contemplated in *Universal Express. See* 177 Fed.Appx. at 53; *see also Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir.2010) (stating that, to be considered public records, documents must be beyond reasonable dispute through "accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned.") Because neither party has conducted discovery in this matter, the Court declines to consider the outside materials submitted by the City at this stage of the litigation. The Court likewise declines to convert the Motion to Dismiss to a motion for summary judgment and limits its Rule 12(b)(6) analysis to the four corners of the Complaint.

### B. Motion to Dismiss Counts 1 and 2

■ In Count 1, Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), which provides: "It shall be unlawful employment practice for an employer to discriminate against any of [its] employees ... because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." Title VII thus "prohibits an employer from retaliating against an employee for enforcing her rights under the Act." *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir.2006). A prima facie case of retaliation requires that a plaintiff show that "(1) [she] engaged in statutorily protected expression; (2) [she] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 978 n. 52 (11th Cir.2008) (internal citation and quotations omitted).

Similarly, in Count 2, Plaintiff brings a claim for retaliation under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* Because the Florida act was patterned after Title VII, Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act. *See Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So.2d 1005, 1009 (Fla.1989).

Neither party disputes that Plaintiff's 2012 civil rights trial against the City constituted statutorily protected expression, satisfying the first element of Plaintiff's retaliation claims. However, the parties dispute whether Plaintiff's allegations support the second and third elements— whether the City took adverse employment action against Plaintiff and, if so, whether that action was causally linked to the protected expression. The Court examines these in turn.

#### 1. Adverse Employment Action

■ Plaintiff alleges that the City took adverse employment action against her when it (1) reassigned Plaintiff as a "helper" in the fire prevention department;

(2) prevented Plaintiff from taking the Lieutenant's exam; (3) removed Plaintiff's computer and items from her desk; (4) required Plaintiff to re-take a certification course; and (5) accused Plaintiff of recording a meeting, locked her in a room and called the police. For a challenged retaliatory action to be "materially adverse to a reasonable employee," a court must find that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 54, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal citation and quotations omitted). Material adversity distinguishes significant harms from "trivial harms" and "petty slights." *Entrekin v. Panama City, Fla.,* 376 Fed.Appx. 987, 995 (11th Cir.2010). As an allegation of a retaliatory action, job reassignment may be materially adverse if, under all the circumstances, a reasonable person would perceive the reassignment as more arduous, less prestigious, or objectively a worse job. *Burlington,* 548 U.S. at 71, 126 S.Ct. 2405.

■ In its Motion, the City first argues that Plaintiff's allegation of reassignment from active duty to "helper" in the fire prevention department is not by itself sufficient to show the City took adverse action against Plaintiff and that Plaintiff failed to allege that her work as a "helper" was "more onerous, less prestigious, or paid any less" than active duty. (MTD at 7.) Yet Plaintiff did allege that firefighters and paramedics must be certified (or re-certified) to qualify for active duty after being absent for over 120 days, a point which the City concedes. (*See* Compl. ¶ 24; MTD at 7.) In *Burlington,* the court concluded that reassigning a forklift operator to track laborer duties was materially adverse in part because "the forklift opera-

tor position required more qualifications." 548 U.S. at 71, 126 S.Ct. 2405. Similarly, because the positions of firefighter and paramedic require special training and certification, it is plausible that the City's designation of Plaintiff as a mere "helper" was a materially adverse action.

■ Second, the City contends that its failure to allow Plaintiff to "take time off from her own federal trial in order to take the Lieutenant's exam is similarly not actionable." [2] (Reply at 3.) Drawing reasonable inferences in Plaintiff's favor, the City's alleged action may constitute a materially adverse action. *See Burlington,* 548 U.S. at 69, 126 S.Ct. 2405 ("But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination."); *Crawford v. Carroll,* 529 F.3d 961, 974 (11th Cir.2008) ("[W]e have no doubt but that Crawford suffered a materially adverse action in the form of the unfavorable performance review she received (that affected her eligibility for a merit pay increase) after she complained of racial discrimination."). Plaintiff's allegation may also imply a causal link between the City's alleged action—denial of access to the exam—and Plaintiff's protected expression—the trial, because the City took the action during the trial. (*See* Compl. ¶¶ 29–34.)

■ Third, the City contends that Plaintiff cannot establish actionable retaliation for the City's seizure of Plaintiff's computer and other items because the computer is City property and the City has the right to search employees' work spaces. (*See* Compl. ¶¶ 35–36, 38–40;

---

**2.** Again, the Court must, at this stage of the litigation, accept all allegations as true. Nonetheless, the Court is mindful that the fact of an ongoing federal trial appears to undermine the notion that the City's actions occasioned Plaintiff's inability to take the exam.

MTD at 9.) The City argues that a Fourth Amendment workplace exception, established in *O'Connor v. Ortega,* 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987), eliminated any reasonable expectation of privacy on the part of Plaintiff, and thus the City's actions were not materially adverse to Plaintiff. (MTD at 9.)

██ A Title VII inquiry, however, is different from a Fourth Amendment analysis. *See Stewart v. Evans,* 275 F.3d 1126, 1129 (D.C.Cir.2002) (affirming district court's dismissal of Title VII claims but not Fourth Amendment claim); *McDonald v. Salazar,* 831 F.Supp.2d 313, 322–33 (D.D.C.2011) (considering Title VII retaliation and Fourth Amendment claims separately). Title VII requires that a court analyze retaliation from the standpoint of "a reasonable person in the plaintiff's position, considering all the circumstances." *Burlington,* 548 U.S. at 71, 126 S.Ct. 2405 (internal citation and quotations omitted). Plaintiff's allegations that the City took her computer and other items may, if true, support her claim that the City took materially adverse action against her in that such acts may deter a reasonable employee from bringing a discrimination claim. *See id.* at 69–71, 126 S.Ct. 2405.

██ Fourth, the City argues that Plaintiff cannot establish actionable retaliation from her allegation that the City locked her in a room after the September 5, 2012 meeting because the City was entitled to investigate whether Plaintiff unlawfully recorded a conversation at that meeting. (MTD at 10.) However, Plaintiff alleges certain circumstances surrounding the September 5, 2012 meeting that may support her claims, including: (1) City employees deprived Plaintiff of the right to a union representative during the meeting; (2) Sanabria refused to honor Plaintiff's request for re-certification training; and (3) Sanabria refused to return Plaintiff to active duty. (Compl. ¶¶ 45–57.)

Considering all of these allegations, the Court can reasonably infer that the City may have taken materially adverse employment actions against Plaintiff, because the alleged actions are the kind that "might deter a reasonable employee from pursuing a pending charge of discrimination or making a new one." *See Crawford,* 529 F.3d at 974.

### 2. Causal Relationship

██ With regard to the third element of Plaintiff's retaliation claims, the City argues that Plaintiff has failed to sufficiently allege a causal connection between the alleged adverse actions and the protected expression. A plaintiff can establish a prima facie case of causation through "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action." *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Temporal proximity must be "very close." *Id.* For example, a three to four month time lapse, without other evidence, is normally not enough. *See Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir.2007).

██ According to Plaintiff's allegations, little or no time elapsed between the protected expression—the trial—and the City's retaliation. Plaintiff alleges that during the trial, the City denied Plaintiff's request to take time off for the Lieutenant's exam. (Compl. ¶¶ 29–34.) The next alleged instance of retaliation occurred on or about April 13, 2012, thirty-five days after the jury returned a verdict, when the City prevented Plaintiff from returning to active duty even though she completed the forty-hour re-certification. (Compl. ¶¶ 21, 25.)

The City argues that the six-month gap between Plaintiff's jury verdict and the City's removal of her computer was too long to demonstrate causation, requiring dismissal of Plaintiff's claims. (Reply at 4.) But the alleged pattern of retaliation began earlier, at the same time as the protected expression (the trial), and continued in the months that followed. Thus, the Court finds that Plaintiff has sufficiently alleged a causal connection between the adverse actions and the protected expression. *See Speaker,* 623 F.3d at 1379.

In sum, while the Court notes numerous serious discrepancies in Plaintiff's allegations, Plaintiff has pled sufficient facts to make her claims of retaliation against the City plausible. Therefore, the Court is compelled to deny the City's Motion to Dismiss Counts 1 and 2 of the Complaint.

## C. Motion for Sanctions Pursuant to the Court's Inherent Authority

 The City also asks the Court to impose sanctions on Plaintiff pursuant to the Court's inherent authority because her claims are frivolous.[3] (MTD at 11; Reply at 6.) A court has the inherent power to impose sanctions against a client, his attorney, or both "when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir.2001) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.,* 657 F.3d 1146 (11th Cir.2011). A court must exercise its inherent powers with "restraint and discretion" and should do so only if fraud has been perpetrated on the court so that the "very temple of justice has been defiled." *Chambers,* 501 U.S. at 44–46, 111 S.Ct. 2123; *see also In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995).

The City argues that Plaintiff should be sanctioned for acting in "brazen bad faith." (MTD at 11.) While many of the documents submitted by the City give the Court pause as to the veracity of Plaintiff's allegations, a finding that Plaintiff's actions constitute sanctionable conduct would be premature at this stage in the litigation. As set forth above, the Court must accept Plaintiff's allegations as true for purposes of the City's Rule 12(b)(6) motion. Accordingly, the Court denies the City's request for sanctions without prejudice to renew at a later time. *See Barnhart v. Lamar Adver. Co.,* 523 Fed.Appx. 635, 639–40 (11th Cir.2013).

## III. PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

Plaintiff has filed a Motion for Leave to File Amended Complaint (DE 15) to add the allegation that the City has terminated her employment. The Motion is unopposed by the City. Accordingly, the Court grants Plaintiff's Motion.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss and for Sanctions (DE 11) is **DENIED.** Plaintiff's Motion for Leave to File Amended Complaint (DE 15) is **GRANTED,** and the Amended Complaint (DE 15–1) is deemed **FILED.** Defendant is directed to answer Plaintiff's Amended Complaint within 14 days of the date of this Order as provided in Rule 12.

---

**3.** The City does not premise its request for sanctions on Federal Rule of Civil Procedure 11, but states that it will move for Rule 11 sanctions at the appropriate time. (MTD at 1.)